CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Samuel Love,** | **Case No**. 5:18-cv-00190-RSWL-SP |
| Plaintiff, | |
| v. | **Plaintiff's Case Statement** |
| **Walter W. Carnwright,** Trustee of the Carnwright Family Trust; **Marilyn K. Carnwright**, Trustee of the Carnwright Family Trust; **Carnwright Legacy, LLC**, a California Limited Liability Company; and Does 1-10, | |
| Defendants. | |

Pursuant to this Court's "ADA Disability Access Litigation: Order Granting Application for Stay and Early Mediation," filed March 26, 2018, the plaintiff submits his Plaintiff's Case Statement.

**A.   Itemized List**

The specific conditions at the site that forms the basis of this lawsuit are the lack of accessible parking space, transaction counter and lack of accessible restroom facilities at the Smog Center ("Smog Center") located in Victorville, California.

- Parking Space:

- ❖ Any business that provides parking spaces must provide a sufficient number of handicap parking spaces. 1991 Standards § 4.1.2(5). 2010 Standards § 208. The required minimum number of handicap parking spaces is dependent on the total number of parking spaces available. Id. According to the 1991 Standards, if a parking lot has 1-25 spaces, it must have at least 1 accessible parking space. 1991 Standards § 4.1.2(5)(a). And 1 in every 8 of those accessible parking spaces, but not less than 1, must be a "van" accessible parking space, i.e., having an eight foot access aisle. 1991 Standards §4.1.2(5)(b). Under the 2010 Standards, a parking lot with 1-25 spaces must have at least 1 accessible space and 1 of them must be van accessible. 2010 Standards § 208.2 & § 208.2.4.
- ❖ Here, the failure to provide accessible parking spaces is a violation of the ADA.
- ❖ See attached photo depicting the above



- Transaction Counter:
    - ❖ In areas used for transactions where counters have cash registers and are provided for sales or distribution of goods or services to the public, at least one of each type shall have a portion of the counter which is at least 36 inches in length with a maximum height of 36 inches above the floor. 1991 Standards § 7.2(1). Under the 2010 Standards, where the approach to the sales or service counter is a parallel approach, such as in this case, there must be a portion of the sales counter that is no higher than 36 inches above the floor and 36 inches in width and must extend the same depth as the rest of the sales or service counter top. 2010 Standards § 904.4 & 904.4.1.
    - ❖ Here, no such accessible counter has been provided in violation of the ADA.
    - ❖ See attached photo depicting the above



Plaintiff's Case Statement                               5:18-cv-00190-RSWL-SP

- Grab Bars:
  - ❖ For a toilet to be considered accessible under the ADA, there must be two grab bars on walls adjacent to the toilet to assist persons with disabilities to transfer to the toilet. 1991 Standards § 4.16.4; 2010 Standards § 604.5.
  - ❖ Here, the failure to provide compliant grab bars is a violation.
  - ❖ See attached photo depicting the above.



- Restroom Sink:
  - ❖ Sinks must provide knee clearance of at least 29 inches in height. 1991 Standards § 4.19.2 and Figure 31; 2010 Standards § 606.2 and 306.
  - ❖ Here, no such knee clearance was provided and this is a violation of

the ADA.

- ❖ See attached photo depicting the above



*Note*: As stated in the Complaint, given the obvious and blatant violations, the plaintiff has alleged, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff intends to conduct a site inspection and amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. See *Doran v. 7-Eleven Inc.,* (9th Cir. 2008) 524 F.3d 1034 (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them). Thus, settlement must address this holistic remediation.

**B.     Amount of Damages**

Under the Unruh Civil Rights Act and the California Disabled Persons Act, a plaintiff is entitled to two types of damages: (1) actual damages and (2) a penalty assessment. Cal. Civ. Code § 52(a); 54.3(a). "The statute lists actual damages and statutory damages as two separate categories of damages that a plaintiff may recover." Botosan v. Paul McNally Realty, 216 F.3d 827, 835 (9th Cir. 2000). The penalty assessment can be "no less than $4,000" under the Unruh Civil Rights Act (Cal. Civ. § 52(a)) and no less than $1,000 under the California Disabled Persons Act per violation (Cal. Civ. § 54.3(a)). Each responsible party under the ADA is individually liable for the denial of rights. Lentini v. California Center for the Arts, Escondido, 370 F.3d 837, 849-851 (9th Cir. 2004). Plaintiff was unable to patronize the business in entirety as a result of the non-compliant parking facility. The plaintiff's damages are measured at $4,000 plus actual damages against each entity. Thus, Plaintiff claims $8,000 in statutory minimum penalties plus damages for on-going deterrence plus attorney's fees and costs pursuant to statute.

Dated: April 9, 2018                         CENTER FOR DISABILITY ACCESS


                                              By: */s/ Dennis Price*_____
                                              Dennis Price, Esq.
                                              Attorneys for Plaintiff